# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                          Criminal Case No: 1:07cr51

JERRY G. COTTRILL
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jerry G. Cottrill, appeared before me in person and by counsel, George J. Cosenza, on June 8, 2007. The Government appeared by John C. Parr, United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jerry G. Cottrill, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated April 27, 2007, and signed by him on April 28, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and

the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of the defendant is $68,593.50, and the parties stipulate that the specified unlawful activity was conspiracy to distribute methamphetamine.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States,

and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a period of twenty (20) years; understood that a fine of $500,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he

would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned further examined Defendant with regard to his agreement, as contained in the written plea bargain agreement, to forfeit all his interest in the $68,593.50, which Defendant stipulates is property involved in his commission of money laundering offenses or traceable to such property, and determined he understood said agreement.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with Laundering of Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii).

The Court then heard the testimony of DEA Special Agent Robert L. Manchas and Defendant's testimony as to why he believed he was guilty of the offense charged in the one-count Information.

Special Agent Manchas testified that in April 2006, he was contacted by other agents who had information involving James Snyder and methamphetamine distribution in the Sistersville, Tyler County, West Virginia area. In the course of the investigation, authorities intercepted an 11 pound package of methamphetamine in Oklahoma destined for the Snyder residence in Sistersville. The investigation also indicated the methamphetamine transport was largely funded by Snyder, who paid $120,000.00 for the transaction, along with another individual, who paid $20,000.00.

The agents seized the illegal narcotics and got an agreement from the recipient for them to make the delivery to Snyder. A controlled delivery of the package was subsequently made to Snyder. The package at that time contained 7 pounds of methamphetamine as the individual who went to Phoenix to retrieve it was to receive 4 pounds.

On April 20, 2006, agents executed a Federal Search Warrant at 606 Adonis Road in Sistersville (Snyder's residence). They also seized business records showing "Cottrill's Cars, Inc.," as well as $52,000.00 in cash packaged in vacuum-sealed bundles. They also obtained information that large debts were owed to Snyder for drugs, in the amount of approximately $150,000.00. There was also evidence that Snyder was concealing additional money. The agents continued to look for additional money.

Special Agent Manchas testified that Cottrill's Cars, Inc. was licensed to sell vehicles. Defendant is an officer of the corporation and ran the sales. Agents came to learn in mid-June 2006, there was a meeting between Defendant and Snyder. Snyder advised Cottrill of his legal problems, including the seizure of drugs and his investigation by the DEA and other Federal authorities. The investigation revealed Snyder gave at least $40,000.00 to Cottrill to take care of some business accounts, expenses, and for Snyder's girlfriend, Gloria Payne.

At the end of June 2006, Snyder fled from the authorities and became a fugitive. He fled to Ascension, Mexico. He was subsequently arrested. While a fugitive, Snyder called Cottrill to purchase a 2003 Chevy truck from Cottrill's Cars. Cottrill took $13,000 plus from the previous $40,000 and a trade in of a Dodge truck. A third party, who came to pick up the truck and deliver it to Snyder, was also given $30,000 by Defendant. The vehicle, however, was never delivered to Snyder, as the driver had an accident in Zanesville, Ohio. The Ohio State Police discovered $30,000 in the vehicle packaged in vacuum-sealed bags. Special Agent Machas noted that the majority of the $52,000 seized from Snyder was packed in vacuum-sealed bags.

Upon cross-examination, Special agent Machas did testify that there was no evidence Defendant was involved in the actual distribution of methamphetamine.

Defendant testified that he heard and understood Special Agent Machas' testimony. Thereupon, Defendant, Jerry G. Cottrill, with the consent of his counsel, George J. Cosenza, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified he believed himself guilty of the crime charged in the one-count Information because before he knew Snyder was a meth dealer, he had asked Defendant to handle various money transactions. He brought Defendant money and asked him to put some in a bank account, pay bills, and give some to his girlfriend. Defendant also picked up Snyder's trade-in, told him the difference and had the money taken out of the $40,000 Snyder had given him. Snyder's girlfriend was supposed to pick up the vehicle, but a third party did instead. Defendant gave the third party $30,000.

Defendant also testified that he got the money from Snyder after the DEA agents "had gone in on him." When Snyder brought the money, he said he was contemplating leaving and might need

7

a vehicle, which is why Defendant had the money. Snyder had, however, told Defendant he had been "busted" by the DEA. The money he received from Snyder was in vacuum sealed packages.

Based upon the testimony of Special Agent Manchas, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Manchas.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before the Court, it is hereby Ordered that Defendant is released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this  //  day of June, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE